**STATE of Missouri, Plaintiff–Respondent,**

v.

**Royal Dennis ROSS, Defendant–Appellant.**

No. 16664.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 20, 1990.

Anne Hall, Regional Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Lee B. Vardell, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Presiding Judge.

This is an appeal from the trial court's denial of a petition for unconditional release filed by a patient in the custody of the Missouri Department of Mental Health. This court affirms.

This is a criminal case in which the defendant, Royal Dennis Ross, was charged with arson. On October 4, 1982, after a mental examination, the state accepted defendant's plea of not guilty by reason of mental disease or defect excluding responsibility. § 552.030, 1980 Mo.Laws. The Circuit Court of Greene County then committed defendant to the director of the Department of Mental Health for custody,

care and treatment in a state mental hospital. § 552.040, 1980 Mo.Laws. Defendant filed a pleading entitled "Petition for Unconditional Release Section 552.040" on August 3, 1989, by which he sought release from that commitment. An evidentiary hearing was held October 13, 1989. Following that hearing, the trial court denied the request for unconditional release.

Ross asserts one point on appeal. He contends the trial court erred in denying his petition for release "because evidence indicated that appellant did not have and was unlikely to have in the reasonable future a mental disease or defect rendering him dangerous to himself or others in that his mental illness was in remission or gone, his behavior in the hospital was excellent, there was no evidence of assaultive behavior on the part of appellant, and he no longer needed medication."

Two witnesses testified at the hearing before the trial court. Ross testified in support of the motion. Frederick Fritsch, an employee of the Department of Mental Health, testified on behalf of the state. Fritsch described his employment with the Department of Mental Health as "a forensic after care worker."

Ross testified as to the type of activities in which he participated as a patient at Fulton State Hospital. He also testified that he believed that he was not "actively mentally ill now." He based this belief upon discussions that he had with his psychiatrist, a Dr. Singh. He stated that Dr. Singh had testified at another hearing at which Ross sought a conditional release that he was not mentally ill.

No objection was made to Ross' testimony as to statements attributed to Dr. Singh. However, on cross-examination, Ross was asked the following question and gave the following answer:

Q. [By assistant prosecuting attorney] Now, Mr. Ross, at the time that Dr. Singh, when he testified at the hearing just a few days ago, was it his testimony that you were cured or was it his testi-mony that your mental illness was in remission?

. . . . .

A. I believe that he said it was in remission, but he said, you know, the way that I took him saying it, I no longer had a mental disease or defect and that he should record that in my records.

Frederick Fritsch had also testified at the earlier hearing in which Dr. Singh testified. Fritsch was asked about the testimony of Dr. Singh. The following questions were asked and answers given without objection:

Q. [By Ross' attorney] Now, Dr. Singh testified at that hearing didn't he?

A. That's correct.

Q. And he testified that he was—his mental illness was in remission, did he not?

A. That's correct. Royal does very well in a structured setting. He becomes a model patient when he returns.

A copy of the docket sheet from the prior hearing at which Dr. Singh and Mr. Fritsch testified was admitted in evidence. The docket sheet was from records in a proceeding before the probate division of the Circuit Court of Callaway County in which Ross sought, and obtained, a conditional release from the commitment to the director of the Department of Mental Health. That court's order was dated October 10, 1989. It found that Ross no longer presented "a likelihood of serious physical harm to others," and that his mental illness "is in remission."

Section 552.040.8 [1] prescribes the criteria for determining whether an application for unconditional release shall be granted. It states:

No committed person shall be unconditionally released unless it is determined through the procedures in this section that the person does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others.

Royal Dennis Ross, the person committed, was the party seeking the uncondition-

1. References to statutes are to RSMo 1986 unless otherwise stated.

al release. He had the burden of persuasion "to prove by a preponderance of the evidence that the person for whom unconditional release is sought [Ross] does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." § 552.040.6. At the hearing before the trial court, Ross failed to meet that burden of persuasion. No medical evidence was presented, albeit by hearsay testimony admitted without objection, statements attributed to Dr. Singh, a treating physician, were quoted. However, even those statements failed to address the issues upon which Ross had the burden of persuasion, viz., (1) that Ross did not then have a mental disease or defect rendering him dangerous to himself or others and (2) that Ross was not likely to have such a disease or defect in the reasonable future. The statements attributed to Dr. Singh expressed an opinion that Ross' mental illness was in remission.[2] They did not state that Ross' mental illness had been cured nor that Ross no longer had a mental illness.

Ross was committed to the Missouri Department of Mental Health because he had a mental disease or defect that excluded criminal responsibility for an act he committed. He has not shown that he no longer has that mental condition. Even if the hearsay statements attributed to Dr. Singh could be considered as evidence that on the date of the hearing Ross had no mental disease or defect that rendered him dangerous to the safety of himself or others, there was no evidence that Ross was not likely to have such a mental disease or defect in the reasonable future. The trial court was vested with the ultimate decision regarding whether the evidence established the requisite conditions for release. *State v. Davee,* 558 S.W.2d 335, 339 n. 3 (Mo.App.1977), *citing State v. Montague,* 510 S.W.2d 776, 779–80 (Mo.App.1974). The trial court did not so find. The decision of the trial court denying the application for unconditional release is supported by substantial evidence and is consistent with the weight of the evidence presented. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The trial court committed no error in declaring or applying applicable law. *Id.* The order of the trial court dismissing the application for unconditional release is affirmed.

HOGAN and SHRUM, JJ., concur.

---

**2.** The Sloane–Dorland Annotated Medical–Legal Dictionary, p. 611 (1987), defines remission as "a diminution or abatement of the symptoms of a disease; also the period during which diminution occurs."