**16**

Fred MARRO, Deputy Receiver for Consumers United Insurance Company, Inc. in Rehabilitation, Plaintiff/Respondent,

v.

Leora DANIELS and J.V.L. Housing Corporation, Defendants/Appellant.

No. 67752.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 21, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1996.

Application to Transfer Denied Feb. 20, 1996.

The Stolar Partnership, Charles Alan Seigel, John B. Greenberg, St. Louis, for appellants.

Robert E. Jones, Daniel S. Rork, Jones, Korum, Waltrip & Jones, Clayton, for respondent.

PUDLOWSKI, Judge.

J.V.L. Housing Corporation (J.V.L. Housing) appeals from an adverse judgment awarding landlord, Consumers United Insurance Company, rents due from 1992 through 1994 and possession of its property pursuant to the landlord-tenant statues, chapter 535 RSMo. The trial court found in favor of Consumers United Insurance Company (Consumers) and awarded it possession of the property and damages in the amount of $63,987.95. Defendant Daniels did not appeal. J.V.L. Housing[1] argues the trial court erred in entering judgment against it because plaintiff failed to establish a landlord-tenant relationship existed between the parties. We find no error. The judgment of the trial court is affirmed.

The standard of review applicable is enunciated in Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Kiefer v. First Capitol Sports Center, Inc.,* 684 S.W.2d 483, 487 (Mo.App.1984). In a case tried without a jury, the appellate court defers to the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32. The reviewing court considers the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences and disregarding the other party's evidence except as it supports the judgment. *Morrison v. Jack Simpson Contractor, Inc.,* 748 S.W.2d 716, 718 (Mo.App.1988). In addition, we defer to the trial court's determination of the credibility of witnesses. *Id.* We recite the facts with this standard in mind.

1. Appeal counsel was not trial counsel.

Consumers filed an action to recover possession of its property and rents due from April 1991 to April 1994. Consumers claimed J.V.L. Housing and Daniels occupied the property and owed rent from April 1991 through April 1994. Cross-claims and counterclaims were filed in the suit but were severed before trial began. Defendant Daniels did not present any evidence at trial. The trial was very brief and sparse evidence was presented by both parties but the following facts were established. J.V.L., Inc., a not-for-profit corporation, is a separate and distinct corporation from appellant, J.V.L. Housing, and was not a party to the litigation. Both corporations do have the same president, Macler Shepard and the same property manager, John Tyler. Consumers was not aware that J.V.L., Inc. and J.V.L. Housing were distinct corporations until trial. In 1985, J.V.L., Inc. entered into a written lease with Consumers. That lease expired in 1987. The only evidence that J.V.L., Inc. continued in possession after expiration of the lease was presented by J.V.L. Housing's witness, Mr. Tyler. In its pleading, Consumers relied on the 1985 lease between itself and J.V.L., Inc. in alleging a landlord-tenant relationship with J.V.L. Housing. The record is not clear as to when J.V.L. Housing went into possession of the premises, but in its answer it admitted it was occupying part of the premises and doing business at that address. Consumers' business records indicate monthly rent payments accrued on the property in the amount of $1,467.50 per month. Rent payments were made through 1993 but the record does not indicate who made the payments. J.V.L. Housing's witness, Mr. Tyler, offered the only evidence on this issue and he claimed J.V.L., Inc. paid the rent. No canceled checks or bank statements were presented to prove this point.

In 1992, Consumers sent J.V.L. Housing a letter demanding delinquent rent from years past, offering to sell it the property and referencing the terms of the 1985 lease. J.V.L. Housing did not respond to the letter but continued to occupy the property.

At trial, J.V.L. Housing asked the court to take judicial notice of statements made in

Daniels' severed cross-claim.[2] The trial court, over Consumers' objection, took judicial notice of the legal file and all pleadings contained in it. The legal file contained J.V.L. Housing's severed cross-claim against Daniels in which it admitted it had the right to exclusive possession and control of the premises and that it had subleased part of the premises to Daniels in 1990.

At the start of trial, J.V.L. Housing moved to dismiss the suit alleging Consumers failed to state a claim because the 1985 lease, referred to in Consumers' petition, was with J.V.L., Inc., not J.V.L. Housing. Therefore, J.V.L. Housing was not a tenant of Consumers and could not be subject to suit under Chapter 535, RSMo. The trial court did not rule on the motion. The court found in favor of Consumers and awarded damages of $63,-987.95 and possession of the premises. J.V.L. Housing motioned for a new trial raising the same argument presented in the motion to dismiss. It was denied and this appeal followed.

■ In J.V.L. Housing's sole point on appeal, it argues the trial court erred in finding for Consumers under Chapter 535, RSMo because Consumers did not establish a landlord-tenant relationship between the parties, a prerequisite for prevailing under the landlord-tenant statute. We find the facts viewed most favorably to upholding the decision establish a landlord-tenant relationship between Consumers and J.V.L. Housing. Therefore, J.V.L. Housing's argument is denied.

■ Much of J.V.L. Housing's argument hinges on a 1985 lease. Consumers' pleading alleged it entered into the lease with J.V.L. Housing in 1985 but the actual party to the lease was J.V.L., Inc. J.V.L. Housing argues the landlord-tenant relationship created by the 1985 lease foreclosed the possibility of a landlord-tenant relationship between Consumers and J.V.L. Housing in 1991. We disagree. J.V.L. Housing offered the 1985 lease into evidence and it showed J.V.L., Inc. was the lessee but the lease also stated a term of two years, which means it expired in

1987. The favorable evidence does not show the 1985 lease was extended or even that J.V.L., Inc. continued to occupy the property in 1991. The only evidence that J.V.L., Inc. continued as a tenant was the testimony of John Tyler, the property manager for J.V.L. Housing and J.V.L., Inc. His position, as a manager for both corporations, casts doubt on his credibility and it was within the trial court's discretion to disbelieve his testimony. This action is for rents accruing from 1991 to 1994 and the favorable evidence indicates no express lease existed for that time period. Furthermore, an express lease was not necessary to the trial court's ruling in favor of Consumers. A landlord-tenant relationship may arise between the parties by implication, despite the absence of an express agreement. *Delay v. Douglas,* 164 S.W.2d 154, 156 (Mo. App.1942).

■ The favorable evidence was sufficient to support the conclusion a landlord-tenant relationship existed between the parties. The essentials of a landlord-tenant relationship are: (1) a reversion in the landlord; (2) the creation of an estate in the tenant, either at will or for a term of less than what the landlord holds; (3) the transfer of exclusive control; and (4) a contract, expressed or implied, between the parties. *Johnson v. Simpson Oil Company,* 394 S.W.2d 91, 97 (Mo.App.1965). J.V.L. Housing offered no argument with respect to elements one and two. Therefore, we do not address those elements. It maintains elements three and four were not proved. We disagree.

■ The facts were sufficient for the court to infer J.V.L. Housing was in exclusive possession and control of the premises and, therefore, the third prong of the landlord-tenant analysis was established. Possession and control is sufficient to create a tenancy relationship when the tenant and not the landlord is in control and responsible for the care and condition of the premises. *Marden v. Radford,* 229 Mo.App. 789, 84 S.W.2d 947, 955 (1935). J.V.L. Housing admitted possession of part of the premises. It also exer-

---

2. J.V.L. Housing asked the court to take judicial notice of Daniel's answer to Consumers' petition but the information it sought to enter was contained in her severed cross-claim against J.V.L. Housing. The court took judicial notice of all of the pleadings in the file.

cised a legal right to the property in subletting a section to Daniels. This fact was established from J.V.L. Housing's dismissed cross-claim pleading judicially noticed into evidence at its own request.[3] In the cross-claim, it admitted subletting part of the premises to third party defendant, Daniels, and also claimed the right to "exclusive possession and control" of the property. From these facts the trial court could infer J.V.L. Housing was in exclusive possession and control of the entire property in 1991.[4] Because J.V.L. Housing occupied part of the premises, exercised a right to sublet part of the property and even stated in the cross-claim pleading it had the right to exclusive possession and control, the evidence was sufficient to find the third element of a landlord-tenant relationship was met.

We also find there was sufficient evidence from which the trial court could find the parties entered into an implied contract to lease the property fulfilling the fourth prong of a landlord-tenant relationship. To prove a landlord-tenant relationship, there must be a sufficient meeting of the minds to conclude there was a contract of a lease. *Gibson v. Greenfield*, 561 S.W.2d 689, 690 (Mo.App.1978). A contractual relationship may arise without an oral or written offer and acceptance. It arises where the circumstances, acts and conduct of the parties support a reasonable inference of a mutual understanding and agreement that one party perform and the other party compensate for the performance. *Kosher Zion Sausage Co. of Chicago v. Roodman's, Inc.*, 442 S.W.2d 543, 546 (Mo. banc 1969). The agreement between the parties arises from their intention, presumed from their acts, where there are circumstances which show a mutual intent to contract. *Id.* In this case, J.V.L. Housing occupied the premises and conducted business from that location for at least the period for which rents were sought. While it is not clear from the record when or from whom J.V.L. Housing acquired its right to initial possession, it is clear the original lease

between J.V.L., Inc. and Consumers expired in 1987 and J.V.L. Housing occupied the premises thereafter. J.V.L. Housing acted as a tenant in subletting the property to Daniels in 1990. Rent payments of $1,467.00 accrued each month and payments were made from 1989 through 1993. The payments were accepted by Consumers. J.V.L. Housing alleged the payments were made by J.V.L., Inc. and not it, but the proof was by Mr. Tyler's testimony. There were no canceled checks or bank statements put into evidence to prove this assertion. The trial court was free to disregard his testimony. J.V.L. Housing was occupying the property and the trial court could reasonably infer that the party occupying the property was paying the rent. Finally, Consumers sent a letter to J.V.L. Housing in 1992 demanding the delinquent rent. J.V.L. Housing did not respond or object to the demand. Instead, it continued in possession of the property. These circumstances were sufficient to establish a meeting of the minds and hence an implied lease contract between the parties. Therefore, the fourth element of the landlord-tenant relationship, a contract between the parties, was supported by the evidence.

The favorable facts, though sparse, were sufficient to support the trial court's ruling in favor of Consumers, therefore, we defer to its finding. The judgment of the trial court is affirmed.

AHRENS, P.J., and GRIMM, J., concur.

---

3. Appellant argues the pleading was not formally admitted into evidence. We disagree. Judicial notice of information admits it into evidence. *See, Bray v. Bray*, 629 S.W.2d 658, 660 (Mo.App. E.D.1982).

4. While there could be other explanations for appellant's right to sublease the property to Daniels none were offered.