Arthur H. STOUP, Appellant,

v.

Karim ROBINSON and Tunisia
Robinson, Respondents.

No. WD 52116.

Missouri Court of Appeals,
Western District.

Nov. 26, 1996.

Stephen Nichols, Kansas City, for appellant.

Gardiner Davis, Kansas City, for respondents.

SPINDEN, Judge.

Arthur Stoup appeals from the circuit court's judgment in this landlord-tenant action for waste, breach of lease, and fraud which Stoup filed after an apartment he owned was damaged by fire. We affirm.

On November 16, 1993, Karim Robinson was at his apartment with his girlfriend, LaTonya Walker, and her infant nephew. At Walker's request, Robinson went into the kitchen, turned off a burner on the electric stove, moved a skillet of grease to a back burner, and then left the kitchen. About 15 to 20 minutes later, Walker noticed fire coming from the kitchen and alerted Robinson who found the skillet on fire. Walker called the fire department. Robinson began searching in the building's hallway for a fire extinguisher but could not find one.

Although fire fighters extinguished the blaze, the apartment sustained considerable damage. The apartment's owner, Arthur Stoup, sued Karim Robinson, his sister, Tunisia Robinson, and LaTonya Walker,[1] alleging waste, breach of lease, and fraud. He also requested attorney fees and expenses.

The circuit court heard the case in October 1995. The circuit court issued its judgment for the Robinsons on all counts. Stoup appeals.

In his first point, Stoup claims that the judgment was against the weight of the evidence. He contends that substantial evidence did not support the judgment.

Count I of Stoup's second amended petition alleged that Karim and Tunisia Robinson[2] "by their own acts or omissions, gross negligence, and willful and malicious conduct ... caused waste to the property of the plaintiff by causing a grease fire to start in the kitchen of [their] apartment ... resulting in damages in excess of $15,000 to plaintiff's property." The trial court did not make any specific findings in this case; therefore, we deem the facts to be in accord with the result reached. We must affirm the judgment under any reasonable theory supported by the evidence. *Siragusa v. Park,* 913 S.W.2d 915, 917 (Mo.App.1996).

We consider the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences and disregarding any contrary evidence. *Marro v. Daniels,* 914 S.W.2d 16, 17 (Mo.App.1995). We do not weigh the evidence, and we defer to the circuit court's superior ability to judge the witnesses' credibility. *Id.*

Under Missouri law, for an action for waste by a lessee to prevail, the plaintiff must prove that the defendant either actively caused direct injury to the property or failed to exercise ordinary care in using the leased premises. *Lustig v. U.M.C. Industries, Inc.,* 637 S.W.2d 55, 59 (Mo.App.1982); *Brown v. Midwest Petroleum Company,* 828 S.W.2d 686, 687 (Mo.App.1992). A tenant is liable for damages which he or she—either through negligence or willful misconduct—caused to the leased premises. *Enchanted Hills, Inc. v. Medlin,* 892 S.W.2d 722, 724 (Mo.App. 1994).

---

1. LaTonya Walker was dismissed from the lawsuit before trial.

2. Although Tunisia Robinson's name appears on the lease agreement, she did not reside in the apartment.

■ Stoup did not establish that the Robinsons intentionally started the fire or that it resulted from negligence. "The mere occurrence of a fire does not raise a presumption of negligence[.]" *Sparks v. Platte–Clay Electric Cooperative, Inc.*, 861 S.W.2d 604, 606 (Mo.App.1993). The circuit court had sufficient evidence from which to conclude that the grease fire ignited from the Robinsons' ordinary use of the stove for cooking.

In challenging the circuit court's decision as contrary to the weight of the evidence, Stoup asserts that Karim Robinson made statements after the fire which contradicted his trial testimony. He also points to a field report completed by fire officials which contained statements inconsistent with Karim Robinson's trial testimony. We do not weigh the evidence or determine the credibility of witnesses. Any conflicts in the evidence are for the trial court to resolve. *Kansas City Hill Restaurant Corporation v. Dean's Fairmount Company*, 847 S.W.2d 472, 474 (Mo. App.1992). After hearing all of the evidence, the circuit court obviously believed Karim Robinson's testimony and concluded that the fire was not the result of willful misconduct or negligence.

■ Count II of Stoup's petition alleged that the Robinsons breached Paragraphs 2, 14 and 17 of their lease. Those provisions said:

2. *PREMISES.* Owner does hereby rent to Resident and Resident does hereby rent from Owner the apartment listed above. No other person except those herein stated may occupy premises, without prior written approval of Owner.

. . . .

14. *REPAIRS AND MAINTENANCE, DAMAGE TO PREMISES, ETC.* Owner shall make required repairs and maintenance to heating and air conditioning equipment and to appliances furnished for Resident's use. . . . Resident, throughout the term, will maintain all other fixtures, equipment, and property furnished by Owner for Resident's use, and also the Leased premises and its appurtenances, in good condition and repair, and will allow no waste, and Resident shall be liable for any and all injury or damage to the same and/or to the apartment building, common areas, facilities, grounds and other buildings and property of Owner, and to property of other Residents, occasioned by the acts or omissions of Resident, his immediate family, visitors, invitees or other persons whom Resident permits to be in or about the Leased premises, apartment building or other areas. Repairs and replacements required hereunder, shall be determined such by Owner who shall cause the same to be made and performed at Resident's cost, and Resident shall pay the cost thereof as additional rent[.]

. . . .

17. *ASSIGNMENT OR SUB–LEASING.* Resident agrees not to assign or sublet the premises or allow other persons to occupy the premises without the prior written consent of Owner.

Stoup claims the Robinsons breached these provisions by allowing LaTonya Walker to reside in the apartment and to cause damage to it.

Paragraph 14 imposed liability on the Robinsons for committing waste and stated that they would be liable for "any and all damage . . . occasioned by the acts or omissions of Resident, his immediate family, visitors, invitees or other persons who Resident permits to be in or about the Leased premises[.]" Stoup did not prove that the Robinsons committed waste. Stoup points to a report by fire officials as evidence of the "act or omission" which caused the fire. The report said that the stove was "accidentally not turned off" and that the act or omission most responsible for the fire spreading was "inadequate supervision." The report also indicated that one of the apartment's occupants was asleep on the couch when the fire broke out. Karim Robinson's testimony refuted the report. At trial, he said that he turned off the burner and moved the skillet to a back burner before leaving the kitchen. He also said that he was not asleep when the fire started but that he was in another room changing clothes.

The circuit court obviously believed Karim Robinson's testimony. The circuit court judge was in a better position to weigh the

evidence and to determine the witnesses' credibility, and we defer to those determinations. Although Karim Robinson admitted talking with a fire inspector, he did not specify which fire inspector it was, and he did not specify what he told the inspector. It is unclear from the record that the fire official to whom Robinson spoke was the same person who completed the report admitted into evidence. No fire fighter or fire inspector testified at the trial. Even assuming that the Robinsons violated their lease by allowing LaTonya Walker to reside in the apartment, Stoup did not demonstrate that the breach was the direct and proximate cause of the alleged damage.

In Count III of his petition, Stoup alleged that the Robinsons conspired to defraud him by devising a scheme whereby Tunisia Robinson would apply to lease the apartment with her brother, Karim Robinson, with the intent that LaTonya Walker would actually reside in the apartment with Karim Robinson. "[F]or false representations to be actionable, there must exist a causal connection between the misrepresentation and the harm allegedly sustained." *Schauer v. Gundaker Movits Real Estate Company*, 813 S.W.2d 112, 115 (Mo.App. 1991).

Even assuming that the Robinsons made false representations to Stoup concerning who would actually reside in the apartment, he did not establish a sufficient connection between the misrepresentations and the claimed damages. Because Stoup did not prove that the alleged damage was the direct and proximate result of the alleged fraud, we conclude that the trial court did not err in ruling in favor of the respondents on Count III.

Because we conclude that the circuit court did not err in ruling against Stoup on all counts of his petition, we also conclude that the circuit court did not err in denying him attorney fees and expenses.

Stoup also complains that the circuit court allowed testimony concerning his failure to provide a fire extinguisher on the apartment premises. During cross-examination, counsel for the Robinsons asked Stoup whether he believed that the fire would have spread as rapidly had a fire extinguisher been available on the premises. Stoup objected, claiming that "the subject of fire extinguishers['] being on the premises" was irrelevant. The circuit court correctly overruled the objection because Stoup had first raised the matter during direct examination. During his testimony on direct examination, Stoup said that he knew of no requirement that he place a fire extinguisher on the premises, that he had never been cited for not having a fire extinguisher, and that no Kansas City official had ever notified him that he was required to have fire extinguishers in his apartments.

"A party who opens up a subject is held either to be estopped from objecting to its further development or to have waived his right to object to further development." *State of Missouri, ex rel. Missouri Highway and Transportation Commission v. Matula*, 910 S.W.2d 355, 362 (Mo.App.1995). Cross-examination as to matters first raised by the appellant during direct examination is not a proper basis for reversible error. *See State v. Glessner*, 918 S.W.2d 270, 281 (Mo.App. 1996).

For these reasons, we affirm the circuit court's judgment.

SMART, P.J., and ELLIS, J., concur.