STATE of Missouri, Appellant,

v.

Philip John CANCHOLA, Respondent.

No. WD 53532.

Missouri Court of Appeals,
Western District.

Nov. 4, 1997.

Dwight K. Scroggins, Jr., Pros. Atty., Hershel D. Shepherd, Asst. Pros. Atty., Buchanan County, St. Joseph, for appellant.

Bruce D. Enlow, St. Joseph, for respondent.

Before EDWIN H. SMITH, P.J., ULRICH, C.J., and ELLIS, J.

PER CURIAM:

The State of Missouri appeals the circuit court's grant of Philip J. Canchola's application for unconditional release from the custody of the Missouri Department of Mental Health pursuant to § 552.040.[1] The respondent was committed to the Department of Mental Health after he was found not guilty of first-degree assault, § 565.050, by reason of a mental disease or defect. Appellant claims that the trial court erred in granting respondent's application in that: (1) respondent failed to present clear and convincing evidence to satisfy his burden of persuasion under § 552.040.6; (2) respondent failed to present clear and convincing evidence to satisfy § 552.040.18.2, concerning his eligibility for unconditional release; (3) its finding that respondent satisfied the eligibility requirement of § 552.040.18.1 was against the weight of and was not supported by substantial evidence; (4) its finding that respondent satisfied the eligibility requirement of § 552.040.18.2 was against the weight of and was not supported by substantial evidence; and (5) it erroneously declared and applied the law by shifting the burden of persuasion under § 552.040.6 from respondent.

We reverse and remand.

## Facts

On November 3, 1985, Philip J. Canchola, respondent, shot the local paperboy with a bow and arrow. On December 10, 1985, respondent was charged by felony information with first-degree assault, § 565.050. On June 23, 1986, pursuant to § 552.030, respondent entered a plea of not guilty by reason of mental disease or defect to the charge. Pursuant to § 552.030.2, the State accepted the plea and the trial court, pursuant to § 552.040.2, committed him to the custody of the Missouri Department of Mental Health.

On October 3, 1995, respondent filed an application pursuant to § 552.040.6 for unconditional release. Appellant filed its objection to respondent's application that same day. On June 19, 1996, the trial court heard evidence on respondent's application. At the hearing on his application, respondent called three witnesses: (1) Dr. Steven Soper, M.D., a board certified psychiatrist; (2) Kathy Bechtold, respondent's fiancee; and (3) himself.

Dr. Soper testified to the following: He had been treating respondent since November of 1992. When he began treating respondent, his diagnosis was schizophrenia, which was changed to a bipolar disorder. Respondent had three years of semi-independent living and more than one year of independent living prior to the hearing. Respon-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

dent was employed and had a fiancee with whom he had a child. There had been no incidents of violent behavior by respondent since the doctor began treating him. There had been no problems with the respondent taking his medication during the time Dr. Soper had been treating him, and he had no relapses during that time. Respondent believes that his assault on the paperboy was "an accident" and a "minor incident." Respondent told Dr. Soper that he was not ill at the time of the assault. Respondent had limited insight concerning his mental illness. Dr. Soper considered respondent's illness to be an incurable chronic illness that presented a continued risk of danger to himself or others. The danger respondent poses to himself and others would be reduced if he continued to take his medication. He did not believe that respondent would continue to take his medication if he was given his unconditional release. There had been a prior incident of the respondent not taking his medication while he was on conditional release in 1991, and respondent's conditional releases had been revoked twice.

Respondent testified that he was employed and engaged to Kathy Bechtold, whom he had known for six years. He also testified that Ms. Bechtold and he had a five-year-old child, whom he supported. Respondent also testified that he was living independently and had been paying his own rent for one year.

Ms. Bechtold's testimony at trial was that she had known respondent for over six years and had a child by him. She had an opportunity to observe respondent daily during the past several years, including a time when he had a relapse. He no longer consumed alcohol, and she had never seen him exhibit violent behavior. She was employed full time and had been studying nursing at Missouri Western State College for three years. She had been given information on respondent's bipolar disorder such that she would be able to observe him and notice changes in his behavior. She did not see respondent as a danger to her, her family, himself, or the community.

After hearing the testimony of the three witnesses, the trial court granted respondent's application for unconditional release

"because Dr. Soper had not convinced the court that respondent was dangerous." The court attributed respondent's lack of appreciation of the criminality of his assault on his medication, which had dulled his mind.

This appeal follows.

## Standard of Review

■ Our review of the circuit court's grant of an application for unconditional release from the custody of the Missouri Department of Mental Health pursuant to § 552.040 is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976). *Grass v. Nixon*, 926 S.W.2d 67, 70 (Mo.App.1996). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it erroneously declares or applies the law, or unless it is against the weight of the evidence. *Id.*

## I.

■ In the State's first point, it claims that the trial court erred in granting respondent's application for unconditional release in that respondent had not met his burden of persuasion under § 552.040.6 by clear and convincing evidence. Respondent argues that his testimony and the favorable testimony of Dr. Steven Soper and Kathy Bechtold constituted clear and convincing evidence sufficient to meet his burden of persuasion under the section. Thus, the issue for us to decide is whether the evidence in the record was sufficient to allow the trial court to find by clear and convincing evidence that respondent met his burden of persuasion under § 552.040.6.

■ Section 552.040.6 allows a person committed to the Missouri Department of Mental Health, after being found not guilty of a crime by reason of mental disease or defect, to file an application for unconditional release. This section provides that for persons acquitted of a violent crime, including first-degree assault, § 565.050, because of mental disease or defect,

the burden of persuasion ... shall be on the party seeking unconditional release to prove by a **clear and convincing evidence** that the person for whom unconditional

release is sought does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others.

§ 552.040.6 (emphasis added).

In applying this statute, it is important to note it is not the legislature's intent to punish persons exonerated from responsibility of a crime due to mental disease or defect. Rather, the statute intends to provide liberties to those so confined to the extent that public safety is not threatened. Where the crime committed is one of the enumerated offenses demonstrating a particularly grave risk to public safety ... the legislature places the burden on the party seeking release 'to prove by clear and convincing evidence that the person for whom release is sought is not likely to be dangerous to others while on conditional release.'

*Grass,* 926 S.W.2d at 70 (citations omitted). Because respondent was acquitted of first-degree assault, § 565.050, by reason of mental disease or defect, he bore the burden of persuasion prescribed under § 552.040.6, which is by clear and convincing evidence. Clear and convincing evidence is evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition and the finder of fact is left with the abiding conviction that the evidence is true. *In Interest of S.H.,* 915 S.W.2d 399, 403 (Mo.App.1996).

■ Section 552.040.6 sets out the factors which must be considered by the trial court in determining whether the movant seeking unconditional release has met his or her burden of persuasion. It states in pertinent part that:

At a hearing to determine if the committed person should be unconditionally released, the court shall consider the following factors in addition to any other relevant evidence:

(1) Whether or not the committed person presently has a mental disease or defect;

(2) The nature of the offense for which the committed person was committed;

(3) The committed person's behavior while confined in a mental health facility;

(4) The elapsed time between the hearing and the last reported unlawful or dangerous act;

(5) Whether the person has had conditional releases without incident; and

(6) Whether the determination that the committed person is not dangerous to himself or others is dependent on the person's taking drugs, medicine or narcotics.

§ 552.040.6. In determining whether the evidence here was sufficient for the trial court to have found that the respondent met his burden of persuasion under § 552.040.6, we review the record in light of the statutory factors listed, *supra.* Further, we will consider the evidence in the light most favorable to the respondent, giving him the benefit of all reasonable inferences and disregarding all contrary evidence. *Stoup v. Robinson,* 933 S.W.2d 935 (Mo.App.1996)

As to the first factor, "whether or not the committed person presently has a mental disease or defect," Dr. Soper testified that respondent had a mental disease or defect which rendered him dangerous to the safety of himself and others. The respondent offered no medical testimony that he did not presently suffer from a mental disease or defect. However, Dr. Soper did testify that since he began treating respondent in 1992, he had not had any incidences of violent behavior, he had been a law-abiding citizen, there had been no problems with him taking his medication, and he had a stable family and work history. Ms. Bechtold testified that she had never seen respondent exhibit violent behavior, and that she did not view him as a danger to herself, her family, himself, or the community.

As to the second factor, "the nature of the offense for which the committed person was committed," Dr. Soper testified that respondent was committed for first-degree assault, § 565.050, for shooting the local paperboy with a bow and arrow in 1985. Dr. Soper also testified that respondent believed that shooting the paperboy with a bow and arrow was "an accident" or a "minor incident." He further testified that he did not believe that the paperboy would be at any specific risk if

respondent was granted his unconditional release.

As to the third factor, "the committed person's behavior while he was confined in a mental health facility," there was no direct evidence offered. However, Dr. Soper did testify that respondent had lived independently and had been self-supporting since 1992.

As to the fourth factor, "the elapsed time between the hearing and the last reported unlawful or dangerous act," Dr. Soper testified that appellant was arrested for driving while intoxicated in 1991, and that the last violent act would have been the assault in 1985.

As to the fifth factor, "whether the person has had conditional releases without incident," Dr. Soper testified that respondent's conditional releases had been revoked twice, once in June of 1990 for drinking and absconding to California, and again in November of 1991 for driving while intoxicated. Except for these two, there were no other incidents.

As to the sixth factor, "whether the determination that the committed person is not dangerous to himself or others is dependent on the person's taking drugs, medicine or narcotics," Dr. Soper testified that if respondent failed to continue to take his medicine regularly, the risk of danger he presented to himself and others would increase. In addition, Dr. Soper testified that respondent's medication may not continue to work, and in his opinion respondent would not continue to take the medication if he was granted his unconditional release. Respondent testified that he would continue to take his medication if he was granted his unconditional release.

As to additional relevant evidence, Dr. Soper testified that respondent was initially misdiagnosed as suffering from schizophrenia. When he was properly diagnosed as suffering from a bipolar disorder, he was placed on new medication. Since the change in medication, he has been compliant in every respect. Dr. Soper also observed that bipolar disorder, the illness with which respondent has been diagnosed, worsens over time. Ms. Bechtold testified that she sees respondent on a daily basis, and she has seen positive changes in him since he was properly diagnosed.

Section 552.010 defines "mental disease or defect" to "include congenital and traumatic mental conditions as well as disease," and not to include "an abnormality manifested only by repeated criminal or otherwise antisocial conduct," or "alcoholism without psychosis or drug abuse without psychosis or an abnormality manifested only by criminal sexual psychopathy...." Given this definition and in the absence of any favorable expert medical testimony on this issue, it is obviously extremely difficult for an applicant to carry his or her burden of persuasion under § 552.040.6, especially where there is a contrary medical opinion, as here, that the movant continues to suffer from a "mental disease or defect." *See State v. Ross,* 795 S.W.2d 648, 650 (Mo.App.1990) (holding that the trial court was justified in denying an application for unconditional release where the applicant failed to offer any direct expert medical testimony that he did not suffer from a mental disease or defect rendering him dangerous to himself or others). The evidence, which the respondent offered here in attempting to carry his burden of persuasion under § 552.040.6, consisted of his testimony, Ms. Bechtold's testimony, and limited portions of Dr. Soper's testimony, all of which was never directly related to the existence or non-existence of a mental disease or defect. Consequently, the trial court was left to its own devices in determining how the basic facts testified to demonstrated the existence or non-existence of a mental disease or defect.

The violent nature of the crimes covered by the clear and convincing burden of persuasion placed on an applicant under § 552.040.6, evinces a legislative intent to ensure with some degree of certainty that applicants are no longer a danger to society before granting them their unconditional releases. This intent must be borne in mind when evaluating the sufficiency of the evidence to grant an unconditional release pursuant to § 552.040.6.

As stated, *supra,* clear and convincing evidence is evidence that instantly tilts the

scales in the affirmative when weighed against the evidence in opposition and the finder of fact is left with the abiding conviction that the evidence is true. *In Interest of S.H.*, 915 S.W.2d at 403. In reviewing the record here and in light of the factors set forth in § 552.040.6, we find the evidence was insufficient for the trial court to have found by clear and convincing evidence that the respondent did not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others.

Given our disposition of this point, we need not address the other points raised by the State.

### Conclusion

We reverse the judgment of the circuit court granting respondent his unconditional release pursuant to § 552.040.6 and remand the cause for the court to enter its judgment denying respondent's application.