Harold HOFF, Respondent,

v.

Merritt POSTEN, Appellant.

No. WD 53981.

Missouri Court of Appeals,
Western District.

Jan. 20, 1998.

Todd Barrett, Kansas City, for Appellant.

Thomas Stein, Kansas City, for Respondent.

SPINDEN, Presiding Judge.

Merritt Posten appeals the circuit court's granting a new trial in this lawsuit for personal injury suffered during an automobile accident. The circuit court ruled, after an evidentiary hearing on February 13, 1997, that a juror intentionally had not disclosed during *voir dire* on December 16, 1996, lawsuits which had been filed against her. We affirm.

During *voir dire*, Thomas Stein, attorney for the plaintiff, Harold Hoff, asked the venire panel, "Anybody on the panel, or anybody in your immediate family, who has ever been sued for anything . . . ?" Susan D. Greenway responded:

> Yes. My husband was sued in business.
>
> MR. STEIN: It was a business dispute?
>
> VENIREWOMAN GREENWAY: Yes.
>
> MR. STEIN: Okay. And was that resolved, or is it still pending?
>
> VENIREWOMAN GREENWAY: No, it was resolved.
>
> MR. STEIN: Okay. Did it have to go to court or was it settled out of court?
>
> VENIREWOMAN GREENWAY: One went to court and one out of court.
>
> MR. STEIN: There have been two different disputes?
>
> VENIREWOMAN GREENWAY: Yes.
>
> MR. STEIN: Okay. Both of them being business matters?
>
> VENIREWOMAN GREENWAY: Yes.
>
> MR. STEIN: Okay. Would you [sic] husband's experience make you want to favor one side over the other in this case—

VENIREWOMAN GREENWAY: No.

MR. STEIN: (Continuing)—or could you still be fair?

VENIREWOMAN GREENWAY: I believe I could.

Greenway was selected to serve on the jury, and during deliberations she was among nine jurors who voted in favor of the defendant, Posten.

After trial, Hoff learned that the lawsuits to which Greenway had referred during *voir dire* had not been against her husband only—that she had been named a defendant, too. Hoff asked for a new trial on that ground, and the circuit court convened a hearing. Hoff established that two judgments had been entered against Greenway, along with her husband, in 1995 and 1996 for unpaid debt. Although Greenway acknowledged that papers for the lawsuits had been served to her, as the documents' returns indicated, she denied remembering that she was named as a defendant or what the nature of the subject matter was. She testified that the matters involved only her husband's business affairs and she knew nothing about the accounts.[1] The circuit court noted, however, "I am concerned because, in fact, according to the documents in the exhibits, the credit card account was not a joint account that she was just a signatory on with her husband, but the card was in fact in her name and he was the secondary party on the account. It did not appear she was forthright about that even today." The circuit court indicated that it would examine the court documents more closely later.

In its order on February 14, 1997, the circuit court granted a new trial. Its order said:

After having heard the evidence and reviewed the exhibits, the Court finds as follows:

1) Juror Greenway was sued personally for the collection of debts in 1995 and 1996 in Jackson County.

2) The juror was asked a clear and direct question about whether she had been sued; she understood the question; and, in fact, responded that her husband had been sued over "business matters."

3) The juror's explanation that although she was personally served with the summons and petition that she turned them over to the husband is not credible or reasonable. Although she testified the debts were not hers but rather her husband's, the suit documents showed that one credit card was in *her* name with her husband only a co-signatory and the account was for personal furnishings in her home.

4) The Court finds that the failure to disclose these matters was intentional, that it materially affected the voir dire process, and that Plaintiff was prejudiced by the nondisclosure.

Competent and substantial evidence supported these findings.

■ In this appeal, Posten contends that the circuit abused its discretion in deciding that Greenway's explanation was not credible and that her nondisclosure was intentional. He notes that, after Greenway volunteered information about the lawsuits against her husband, Hoff did not follow up with questions asking whether she was involved in the lawsuits. Hoff did ask clarifying questions about whether the lawsuits involved her husband's business affairs. Moreover, follow-up questions evidentially would have been unfruitful. At the evidentiary hearing, Greenway maintained that she knew nothing about being involved in the lawsuits.

The circuit court simply did not believe Greenway. After viewing her testimony, the circuit court's suspicion—it used the term "concerned"—that Greenway was not being forthright was confirmed by the court documents filed by Hoff. "We do not weigh the evidence, and we defer to the circuit court's superior ability to judge the witnesses' credibility." *Stoup v. Robinson*, 933 S.W.2d 935, 936 (Mo.App.1996). Deferring to the circuit court's credibility determination in this case,

---

1. The record establishes that Greenway and her husband were sued by First Bank Systems and judgment was entered against them on April 18, 1995, for $6459.40. They also were sued by Beneficial Credit Services, Inc., on January 30, 1996, and judgment was entered against them on March 18, 1996, for $1319.30.

we discern no basis for ruling that the circuit court abused its discretion in finding Greeway's explanations lacking in credibility and reasonableness.

⬛ Posten also complains that, even if Greenway did lie about the lawsuits, it was not material. He contends that case law establishes that "prior lawsuits regarding debt actions are not material in a lawsuit involving personal injuries." He also contends that the circuit court failed to find the requisite prejudice. We disagree, in light of the circuit court's ruling that Greenway's nondisclosures were intentional. As we said in *Groves v. Ketcherside*, 939 S.W.2d 393, 395 (Mo.App.1996):

> Whether a venire person's nondisclosure is intentional is significant. We infer bias and prejudice from a venire person's intentionally withholding material information which has been requested during *voir dire*. "[A] finding of intentional concealment has 'become tantamount to a per se rule mandating a new trial.'" *Williams* [*By Wilford v. Barnes Hospital* ], 736 S.W.2d [33,] 37 [ (Mo. banc 1987) ](quoting *Frenette v. Clarkchester Corporation*, 692 S.W.2d 834, 836 (Mo.App.1985), and *Anderson v. Burlington Northern Railroad Company*, 651 S.W.2d 176, 178 (Mo.App.1983)). Unintentional nondisclosure, on the other hand, may not require a new trial. If the information not disclosed unintentionally is not connected to the case or does not bear on the prospective juror's ability to fairly evaluate the evidence, a new trial is not necessary. Even if the nondisclosure is unintentional and reasonable, a new trial may be necessary if the juror's serving on the jury did, or may have, influenced the verdict so as to prejudice the party seeking a new trial. "Prejudice is a determination of fact for the [circuit court], its finding to be disturbed on appeal only for abuse of discretion." *Id.*

Posten's contention that the Supreme Court ruled in *Williams* that nondisclosure of lawsuits involving credit card debt is *per se* immaterial is simply wrong. Unlike Greenway's nondisclosure, the circuit court ruled in *Williams* that the nondisclosure was unintentional. We find no merit in Posten's conten-

tion. We affirm the circuit court's decision to grant a new trial.

LAURA DENVIR STITH and EDWIN H. SMITH, JJ., concur.