Phyllis OBERKRAMER, et al.,
Plaintiffs-Appellants,

v.

CITY OF ELLISVILLE, et al.,
Defendants-Respondents.

No. 67294.

Supreme Court of Missouri,
En Banc.

March 25, 1986.

John B. Kistner, Jr., St. Louis, for plaintiffs-appellants.

Mary V. Schmidtlein, Carl I. Katzen, Terry W. Liberman, William R. Kirby (deceased), M. Jane Schweitzer, Parks G. Carpenter, St. Louis, for defendants-respondents.

HIGGINS, Chief Justice.

Plaintiffs, the widow and minor children of John Oberkramer, a Des Peres police officer, sued the cities of Ellisville, Ballwin, and Manchester and St. Louis County for the wrongful death of John Oberkramer. The trial court dismissed the petition for failure to state a claim. Plaintiff appealed and the Court of Appeals, Eastern District, en banc, reversed and remanded. Two judges dissented. This Court granted transfer to consider whether the conduct alleged against municipal police officers engaged in a high-speed chase created the unreasonable risk of harm necessary to vicarious liability of the municipalities and county. Affirmed.

Plaintiffs contend the trial court erred in dismissing the petition because their allega-

tions showed negligence on the part of the pursuing police officers which proximately caused the death of the decedent. Plaintiffs further contend that the trial court erred in denying their motion for leave to file a third amended petition under Rule 55.33(a).

Plaintiffs allege that on December 24, 1978, officer John Franey of the Ellisville Police Department, who was on duty and driving a police vehicle at the time, approached a white Chevrolet stopped at an electric traffic signal. The white Chevrolet was occupied by three juveniles, aged 13–15. Officer Franey activated the police vehicle's flashing red light in an attempt to stop the white Chevrolet for investigation. The Chevrolet violated the traffic signal and proceeded at a high rate of speed. A pursuit ensued with the vehicles reaching speeds in excess of 100 m.p.h. As the chase continued, officers from the cities of Manchester and Ballwin joined the pursuit. The decedent learned of the chase over his radio and placed his police vehicle as a roadblock on the side of the divided highway where the chase was occurring. As the decedent stood on the other side of the median, approximately 100 feet from his vehicle, the pursued vehicle approached the road block, swerved over the median into oncoming traffic lanes, and struck the decedent who died as a result of the injuries sustained.

The petition under consideration by this Court is plaintiffs' second amended petition. A first amended petition was dismissed by the trial court; plaintiff appealed and the Court of Appeals reversed and remanded in order for the plaintiffs to have an opportunity to plead further. *Oberkramer v. City of Ellisville*, 650 S.W.2d 286, 300 (Mo.App.1983). The Court of Appeals determined upon consideration of the first amended petition that while the risk of injury inherent in high speed pursuits will be tolerated in the interests of promoting law and order, a pursuit can become negligent if the utility of the conduct drops or where the circumstances raise the magnitude of the risk beyond acceptable levels. *Id.* at 292. The court concluded that the

plaintiffs' sole allegation that the police officers were negligent in speeding at 100 m.p.h. after a traffic violator did not state a claim because extreme speed, in and of itself, is not sufficient to plead a violation of the duty of care prescribed by statute. *Id.* at 293. The court remanded to give plaintiffs an opportunity to allege facts raising the magnitude of the risk beyond that contemplated in section 304.022. *Id.*

Plaintiffs alleged these additional facts in their second amended petition:

(1) The pursued vehicle operated without headlights which limited its visibility;

(2) The pursued vehicle slowed and braked suddenly in an effort to cause pursuing police vehicles to lose control of their vehicles;

(3) The pursued vehicle left the roadway, lost control and crossed into the oncoming traffic lane, almost striking a westbound vehicle not involved in the pursuit;

(4) The pursued vehicle, on several occasions, crossed back and forth across the centerline of the roadway and into the oncoming traffic.

A petition is not to be dismissed for failure to state a claim upon which relief can be granted unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392, 394 (Mo.App.1977). Upon review of a dismissal of plaintiffs petition, all facts alleged are treated as true and the allegations are construed favorably to plaintiffs. *Shapiro v. Columbia Union National Bank & Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978), *cert. denied, Shapiro v. Columbia Union National Bank & Trust Co.*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979).

■ A police officer is required to observe the care which a reasonably prudent person would exercise in the discharge of official duties of like nature under like circumstances. *McKay v. Hargis*, 351 Mich. 409, 88 N.W.2d 456 (1958); *Roberson v. Griffeth*, 57 N.C.App. 227, 291 S.E.2d 347 (1982). The legislature has authorized

a driver of a police vehicle to exceed the maximum speed limit and disregard certain other traffic regulations as long as he does not endanger life or property:

(2) The driver of an emergency vehicle may:

(a) Park or stand irrespective of the provisions of sections 304.014 to 304.026;

(b) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

(c) Exceed the prima facie speed limit so long as he does not endanger life or property;

(d) Disregard regulations governing direction of movement or turning in specified directions;

(3) The exemptions herein granted to an emergency vehicle shall apply only when the driver of any such vehicle while in motion sounds audible signals by bell, siren, or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted lamp displaying a red light or blue light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle.

§ 304.022.4, RSMo Cum.Supp.1984.

■ Negligence on the part of the municipalities and county cannot be predicated on any conduct of the pursued vehicle in its flight to avoid apprehension; negligence, if any, must be predicated on the actions of the police officer in pursuing the vehicle. *See Stanton v. State*, 29 A.D.2d 612, 285 N.Y.S.2d 964, 967 (1967). The police officer is confronted with two standards of duty: first, he has the obligation to apprehend the traffic violator and prevent him from doing any harm to innocent users of the highway and, second, he has the obligation to pursue the traffic violator in a manner that is neither careless, reckless, or wanton. *Id.* at 968. The view that a police officer is not liable for damages caused by a vehicle being pursued by the officer in the performance of his duties comports with decisions of most jurisdictions. *See* 83 A.L.R.2d 452. In most decisions finding liability on the part of police officers, the plaintiff alleged specific violations of statute or formal policy on the part of the police officer. *See Thain v. City of New York*, 35 A.D.2d 545, 313 N.Y.S.2d 484, *aff'd*, 30 N.Y.2d 524, 330 N.Y.S.2d 67, 280 N.E.2d 892 (1972) (police failed to sound the siren and flash the lights); *Lee v. City of Omaha*, 209 Neb. 345, 307 N.W.2d 800 (1981) (police failed to follow written department policy requiring police to terminate pursuit when the risks outweighed the desirability of apprehension).

The plaintiffs in this case maintain that by attempting to stop a vehicle increasing the danger on the highway, the police officers negligently caused the accident. "Police officers have a right to use whatever means necessary to make an arrest and unless they exceed proper and rational bounds, or act in a negligent, careless or wanton manner, they are not liable for damages sustained, even by innocent parties." *Bailey v. L.W. Edison Charitable Foundation*, 152 Ind.App. 460, 284 N.E.2d 141 (1972).

■ The plaintiffs have pleaded no acts of negligence on the part of the police officers. The proximate cause of the accident was not the manner in which Officer Franey drove his police vehicle but rather the manner in which the pursued traffic violator drove his vehicle. Officer Franey was not careless or reckless and he acted as a prudent police officer performing his duty in an emergency situation. Therefore, this Court finds that plaintiffs failed to make a submissible case and that the trial court did not err in dismissing the petition.

■ Plaintiffs contend the trial court erred in denying them leave to file a third amended petition. Leave to file a third amended petition rested in the discretion of the trial court. *Cady v. Hartford Accident and Indemnity Company*, 439 S.W.2d 483 (Mo.1969). There was no abuse of discretion in not permitting the third amended petition. The facts and circumstances of this case were not complicated and they fully appeared from the allega-

tions of plaintiffs' original and first and second amended petitions. *Mullen v. General Motors Corp.,* 640 S.W.2d 144 (Mo. App.1982).

The dismissal by the trial court is affirmed.

All concur.