**Shirley BAIDY, Plaintiff–Appellant,**

v.

**Everett MARAH,
Defendant–Respondent.**

**No. 54699.**

Missouri Court of Appeals,
Eastern District,
District One.

Nov. 15, 1988.

Charles E. Poehner, III, Kenneth Karl Vuysteke, St. Louis, for plaintiff-appellant.

Elkin K. Kistner, Asst. City Counselor, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Shirley Baidy, appeals from the grant of summary judgment by the trial court in favor of defendant, Everett Marah, in her action for the wrongful death of her husband, Maurice Baidy. We affirm.

Defendant, a police officer for the City of St. Louis, was pursuing a 1974 Ford automobile driven by Dennis Dickerson after Dickerson violated a stop sign. During the course of that pursuit, the automobile driven by Dickerson collided with the automobile driven by Louis Baidy resulting in the death of Maurice Baidy, a passenger in the Baidy automobile.

Plaintiff, the wife of Maurice Baidy, brought a wrongful death action against defendant and Dickerson for careless and reckless driving and against defendant for his negligence in his failing to sound his siren. Defendant moved for summary judgment, which the trial court granted in his favor.[1]

The salient issue is whether the acts of defendant police officer were the proximate cause of plaintiff's husband's death.

A police officer is not liable for damages caused by a vehicle being pursued by the officer in the performance of his duties. *Oberkramer v. City of Ellisville*, 706 S.W. 2d 440, 442 (Mo. banc 1986). The proximate cause of the accident is the manner in which the pursued traffic violator drove his motor vehicle, not the operation of the police vehicle by the officer. *Id.* The trial court did not err in granting summary judgment in favor of defendant.

In view of our holding, we decline to reach the issue of whether summary judgment was also proper under the doctrine of official immunity or under the public duty doctrine. *See, e.g., State ex rel. Barthelette v. Sanders*, 756 S.W.2d 536 (Mo. banc 1988); *Green v. Denison*, 738 S.W.2d 861 (Mo. banc 1987).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. The judgment in the record on appeal enters summary judgment only in favor of defendant police officer. The judgment is silent as to the disposition of the case against the codefendant Dickerson. There is nothing in the record to indicate that the trial court complied with Rule 74.01(b). Niether party, however, raises that issue on appeal. We therefore assume either that the trial court complied with Rule 74.01(b) or that there was some other disposition of the case against the codefendant Dickerson. We therefore address the merits of this appeal.