Juanita PEOPLES, Plaintiff–Respondent,

v.

James CONWAY & St. Louis Board
of Police Commissioners, et al.,
Defendants–Appellants.

No. 66195.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 2, 1995.

Kenneth A. Leeds, Preston E. Roskin, Clayton, for appellants.

David Zevan, Edward James Hanlon, Thomas J. Ray, Julian L. Bush, St. Louis, for respondent.

SIMON, Judge.

This is an appeal from a grant of summary judgment.

Juanita Peoples filed a wrongful death action against Vincent Stehlin Jr. (Stehlin) for the death of her husband Arnold Peoples (decedent). Stehlin formerly was employed as an officer of the St. Louis City Police Department. In the course of his employment, Officer Stehlin observed a reportedly stolen vehicle. Stehlin followed the vehicle for a short time and then activated his flashing lights. The stolen vehicle sped up, and Stehlin pursued at high speed.

The driver of the pursued vehicle eventually lost control and collided with another vehicle pushing it into decedent. In her petition, plaintiff alleged that decedent suffered serious injuries as a result of the accident and died two years later from complications associated with those injuries. Plaintiff further alleged that Stehlin was negligent in his pursuit because he: (1) violated police department procedures; (2) failed to operate his lights and siren during the chase; (3) carelessly engaged in hot pursuit through a residential neighborhood; and (4) carelessly engaged in hot pursuit through a residential neighborhood on Easter Sunday.

Stehlin filed a motion for summary judgment claiming official immunity. Attached to that motion were: (1) Stehlin's deposition (claiming that he had his lights and siren on during the pursuit); (2) the case of *Baidy v. Marah,* 760 S.W.2d 195 (Mo.App.E.D.1988) (finding no proximate cause on similar facts); and (3) the case of *Bachmann v. Welby,* 860 S.W.2d 31 (Mo.App.E.D.1993) (applying the doctrine of official immunity). Plaintiff responded by introducing three affidavits from persons at the scene of the accident stating that they heard no police siren. The trial court granted Stehlin's motion for summary judgment, and gave plaintiff thirty days to file an amended petition naming the City of St. Louis and the St. Louis City Board of Police Commissioners (the Police Commissioners) as defendants.

The plaintiff filed an amended petition against the City of St. Louis and the Police Commissioners in their individual and official capacities. The Police Commissioners moved for summary judgment, presumably on the basis of derivative immunity, relying on Stehlin's deposition, *Baidy, supra,* and *Bachmann, supra.* The trial court granted the motion for summary judgment. Plaintiff later dismissed her claim without prejudice against the City of St. Louis. Plaintiff now appeals from the orders granting summary judgment for defendants Stehlin and the Police Commissioners.

■ Summary judgment shall be entered if the motion and the response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04. To survive defendant's motion for summary judgment in a negligence action, plaintiff must allege facts in her petition or subsequent affidavits which, if proven, show: (1) the existence of a duty on the part of defendant to protect plaintiff from injury; (2) a breach of that duty; (3) injury to plaintiff; and (4) that defendant's breach was the proximate cause of plaintiff's injuries. *Miller v. South County Center, Inc.,* 857 S.W.2d 507, 510[3] (Mo.App.E.D.1993).

■ Proximate cause requires at a minimum that Stehlin's negligence is the cause in fact of decedent's injury. *Callahan v. Cardinal Glennon Hospital,* 863 S.W.2d 852, 862

(Mo. banc 1993). The test for factual causation is whether the decedent's harm would not have occurred "but for" Stehlin's conduct. *Id.* at 861. However, proximate cause requires more than "but for" causation. *Id.* at 865[9]. Proximate cause also requires that plaintiff's injuries are a "reasonable and probable consequence" of the act or omission of the defendant. *Id.*

Our Supreme Court has stated that a police officer is not liable for damages caused by a vehicle being pursued by the officer in the performance of his or her duties. *Oberkramer v. City of Ellisville*, 706 S.W.2d 440, 442 (Mo.1986) (citing 83 A.L.R.2d 452). The court noted that only where plaintiff alleged specific violations of a statute or formal policy could liability be found on the part of the police officer. *Id.* In *Oberkramer*, the plaintiff pleaded no acts of negligence on the part of the police officer. *Id.* Accordingly, the court found that the proximate cause of the accident was not the manner in which the officer drove the police car but rather the manner in which the pursued driver operated his car. *Id.*

In *Baidy, supra*, we addressed facts similar to the present case. In *Baidy*, a police officer hotly pursued a vehicle that violated a stop sign. *Baidy*, 760 S.W.2d at 196. During the chase, the pursued vehicle collided with another vehicle killing one of the non-pursued vehicle's passengers. *Id.* The decedent's widow brought a wrongful death action against the police officer alleging that the officer's careless and reckless driving and his failure to sound his police siren during the pursuit caused her husband's death. *Id.* The trial court granted defendant's motion for summary judgment. *Id.* We affirmed, finding that the proximate cause of the accident was the manner in which the traffic offender drove his vehicle, not the officer's operation of the police vehicle. *Id.*

■ Here, likewise the proximate cause of the accident is the manner in which the pursued driver operated his vehicle, not the operation of the police vehicle by Stehlin. In view of *Oberkramer* and *Baidy*, we conclude that the alleged acts or omissions of Stehlin were not the proximate cause of decedent's injuries. Accordingly, we find that the trial court properly granted Stehlin's motion for summary judgment.

■ Plaintiff's petition also alleges a cause of action against the Police Commissioners. Our legislature has generally granted public entities immunity from tort liability under Missouri's sovereign immunity statute. § 537.600(1) R.S.Mo.1986. However, that statute expressly waives such immunity for injuries resulting from negligent acts or omissions by public employees operating motor vehicles in the course of their employment. § 537.600(5, 6, 8), subd. 1, R.S.Mo. 1986. As a result, sovereign immunity does not preclude the Police Commissioners' liability in this case.

■ Plaintiff's amended petition alleges no acts of independent negligence by the Police Commissioners. Apparently, plaintiff invokes the doctrine of respondeat superior to allege liability against the Police Commissioners based on the alleged negligence of their employee, Officer Stehlin. However, our courts have long recognized that where a claim is made under the doctrine of respondeat superior, and judgment is rendered exonerating the employee from liability, the employer also must be exonerated. *Burnett v. Griffith*, 739 S.W.2d 712, 713 (Mo.1987) (citing *McGinnis v. Chicago, R.I. & P. Ry. Co.*, 200 Mo. 347, 98 S.W. 590 (1906)).

In particular, we have held that where there is no ground for recovery due to the alleged negligence of a police officer, there is no ground for recovery against his employer. *Jackson v. City of Wentzville*, 844 S.W.2d 585, 589[6] (Mo.App.E.D.1993). Accordingly, because we find that Officer Stehlin is not liable for the injuries or death of decedent, we must find that there is no ground for recovery against his employers, the Police Commissioners.

Judgment affirmed.

AHRENS, P.J., and KAROHL, J., concur.