Steffanie BITTNER, Plaintiff/Appellant,

v.

CITY OF ST. LOUIS POLICE BOARD OF COMMISSIONERS,

and

Robert Dodson, and Michael Sisco, Defendants/Respondents.

No. 68962.

Missouri Court of Appeals, Eastern District, Division Three.

July 16, 1996.

John J. Carey, Richard Alan Cooper, St. Louis, for appellant.

Richard J. Mehan, St. Louis, for respondents.

RHODES RUSSELL, Judge.

Steffanie Bittner ("plaintiff") appeals from a grant of judgment on the pleadings in favor of defendants Robert Dodson, Michael Sisco ("officers"), and the City of St. Louis Police

Board of Commissioners ("police board"), in her action for personal injuries resulting from an automobile accident. We reverse in part and remand for further proceedings.

▆▆▆ When reviewing the granting of a motion for judgment on the pleadings we must accept as true all facts alleged in the petition. *Main v. Skaggs Community Hosp.,* 812 S.W.2d 185, 186 (Mo.App.1991). A motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. *Angelo v. City of Hazelwood,* 810 S.W.2d 706, 707 (Mo.App.1991).

The facts as alleged in plaintiff's petition are as follows: In December 1994, Christopher M. Patzius was involved in an altercation with the son of Sergeant Mike Nichols of the St. Louis Police Department. That altercation revolved around Patzius's involvement with Laura Baily. A few days following that altercation, two unidentified St. Louis police officers took Patzius to the police station, threatened him with a gun, beat him, and warned him not to go near Nichols's son or Baily.

On the evening of December 22, 1994, Patzius was at the home of Baily when he noticed an unmarked police car containing two different officers, the defendants, waiting in front of Baily's home. When Patzius attempted to leave in his vehicle, the officers pulled alongside and told him to pull over. Believing he was going to be assaulted again by the police, Patzius refused, and the officers began a high speed pursuit. The officers did not turn on their sirens or portable flashing lights, and continued to follow Patzius beyond St. Louis city limits without asking for police permission. The chase ended when Patzius's car collided with plaintiff's. As a result of the accident plaintiff sustained serious physical injuries including broken bones and severe facial lacerations. She also suffered severe emotional distress and underwent psychological counseling and treatment.

Plaintiff filed suit against the officers and the police board. Count I of the amended petition alleged that the officers were negligent as follows: by pursuing Patzius at high speeds in a non-emergency situation; by failing to activate their siren and portable red flasher; by failing to stop the pursuit after several near accidents; by failing to comply with rules regarding high speed pursuits; by failing to obtain approval to pursue the vehicle beyond the city limits; and by driving in a reckless manner. Count II of the amended petition alleged that the police board, as their employer, was vicariously liable for the negligent acts of the officers. Count II also alleged that the police board was negligent: by failing to properly train the officers; by failing to adopt, implement, or enforce rules regarding pursuit of vehicles in non-emergency situations; by hiring the officers; by allowing the officers to pursue personal vendettas; and by failing to properly supervise the officers. All defendants filed a Motion for Judgment on the Pleadings. In their motion, the defendants argued that the officers could not be held liable since their vehicle did not collide with plaintiff's and thus were not the proximate cause of her injuries. The motion further asserted that since the officers were not a proximate cause, the police board could not be held liable under a respondeat superior theory. Lastly, the motion argued that the police board was entitled to sovereign immunity for the independent acts of negligence alleged in the petition. The motion was granted and this appeal now follows.

In the first point on appeal, plaintiff contends that the trial court erred in granting judgment on the pleadings in favor of the officers in that the officers were the proximate cause of plaintiff's injuries. Defendants, on the other hand, assert that the officers did not proximately cause the injuries to the plaintiff and therefore the officers are not liable. Based on the pleadings we can not say that the officers were entitled to judgment as a matter of law and therefore reverse as to the defendant police officers.

▆▆▆ The liability of police in accidents involving a pursued vehicle and a third party has been addressed in *Oberkramer v. City of Ellisville,* 706 S.W.2d 440 (Mo.banc.1986). The Supreme Court held that a police officer, while in the performance of his duties, was not liable for an accident between a vehicle

he was pursuing **and a third party.** In *Oberkramer* an officer was pursuing a suspect at a high rate of speed. When the pursued vehicle approached a roadblock, it struck another officer, killing him. The officer's family filed a wrongful death suit against several municipalities and St. Louis County. The Supreme Court affirmed the dismissal of the second amended petition, stating:

> The police officer is confronted with two standards of duty: first, he has the obligation to apprehend the traffic violator and prevent him from doing any harm to innocent users of the highway and, second, he has the obligation to pursue the traffic violator in a manner that is neither careless, reckless, or wanton.

*Id.* at 442. The holding in *Oberkramer*, that a police officer, while in the performance of official duties, is not liable for damages caused by a pursued vehicle, is followed in most jurisdictions. *83 A.L.R.2d 452* (1962 & Supp.1995).

We have held similarly in two more recent cases. Summary judgment in favor of a police officer was affirmed by our court in *Baidy v. Marah*, 760 S.W.2d 195 (Mo.App. 1988). In *Baidy*, during a chase by an officer of a vehicle that had run a stop sign, the pursued vehicle collided with a third car killing a passenger therein. We held the officer's operation of his vehicle, while in the performance of his duties, was not the proximate cause of an accident with a third party. *Id.* at 196.

Further, in *Peoples v. Conway*, 897 S.W.2d 206 (Mo.App.1995), we recognized *Oberkramer's* holding that a plaintiff may only recover against a police officer engaged in his official *duties* if there are allegations that the officer violated a specific statute or formal policy. The officer in *Peoples*, while in the performance of his duties, was pursuing a stolen vehicle at high speeds. The officer did not have his flashing lights activated. The pursued vehicle collided with another vehicle,. pushing it into decedent. Although allegations of the officer's negligence were made by the plaintiff, our court concluded that summary judgment was properly entered in favor of the officer, as the alleged acts or omissions of the officer were not the proximate cause of decedent's injuries. *Id.* at 208.

Defendants argue that *Baidy* and *Peoples* hold that police cannot be liable to third parties for accidents with pursued vehicles even though there are allegations of police negligence. We disagree. The officers in *Baidy* and *Peoples*, unlike in the case at hand, were acting in the performance of their duties as police officers. The plaintiff herein has alleged in her petition that the officers were pursuing Patzius outside of their official duties as police officers. The petition states that the officers were on a private vendetta to harass Patzius by pursuing him in a non-emergency situation and in a negligent manner.

If the plaintiff's allegation that the officers were not acting in the performance of their duties is proven true, the protections afforded police officers in high speed chases, as articulated in *Oberkramer*, *Baidy*, and *Peoples*, would not be available to the defendant officers. If plaintiff is able to show that the officers were not engaged in police duties and were negligent in their independent actions, liability may be found in the officers. Judgment on the pleadings in favor of the officers is reversed.

The plaintiff also argues in her first point on appeal that the trial court erred in granting judgment on the pleadings in favor of the police board, as the police board was vicariously liable for the acts of the officers.

Under the doctrine of respondeat superior, an employer is responsible for the negligent acts of its employees provided those acts are within the scope of the employee's duties. *Studebaker v. Nettie's Flower Garden, Inc.*, 842 S.W.2d 227, 229 (Mo. App.1992). An employer is not liable for the acts of its employees if the acts arise wholly from some external, independent or personal motive. *Noah v. Ziehl*, 759 S.W.2d 905, 910 (Mo.App.1988). In this case, the petition specifically pled that the acts of the officers were not related to normal police business, but were instead the result of a personal vendetta. Therefore, since plaintiff is basing the officers' liability on actions outside of their official duty, the police board cannot be liable under the doctrine of respondeat supe-

rior. Furthermore, the police board, as an employer, can not be held liable under the doctrine of respondeat superior unless the employee is found liable. *Peoples*, 897 S.W.2d at 208. As noted above, the officers in the present case can only be found liable if the plaintiff proves they were not pursuing police business. To the extent certain allegations are based on a theory of respondeat superior for acts outside of police duties, judgment in favor of the police board is affirmed.

In her second point on appeal, plaintiff argues that the trial court erred in entering judgment on the pleadings in favor of the police board for failing to properly train and supervise the officers, failing to implement certain rules and regulations, and allowing officers to pursue personal vendettas. The plaintiff argues that the police board was not protected by sovereign immunity, and that the trial court erred to the extent that it relied on sovereign immunity.

■ The City of St. Louis Police Board of Commissioners is a state created entity. § 84.020 RSMo 1994. The police board is generally entitled to sovereign immunity under § 537.600 RSMo 1994 with two exceptions. One exception, § 537.600.1(1), waives immunity for injuries "directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." The term "operation of motor vehicles" has been construed to include nearly any activity relating to the actual physical structure of the vehicle or its attendant parts. *Plummer v. Dace*, 818 S.W.2d 317, 319 (Mo.App.1991).

■ The aforementioned allegations of negligence in Count II are wholly unrelated to the operation of a motor vehicle, and therefore the police board is protected from liability by sovereign immunity. Point denied.

The grant of judgment on the pleadings in favor of the officers is reversed and the grant of judgment on the pleadings in favor of the police board as herein explained is affirmed.

The cause is remanded for further proceedings consistent with this opinion.

GERALD M. SMITH, P.J., and GARY M. GAERTNER, J., concur.