**John T. VOLLMANN, Paul S. Finot, Dr. Alan S. Holtz, Patricia F. Riebold, Plaintiffs/Appellants,**

**v.**

**William ROSENBURG, a/k/a William Bracken, individually and as Trustee under the Last Will and Testament of Mabel Frieda Bick, and Jewel C. Rosenburg, and St. Albans Properties, L.L.C.,and The Salvation Army, and Jeremiah (Jay) Nixon, Missouri Attorney General, on behalf of the Public Interest, Defendants/Respondents.**

No. 73100.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 5, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Russell A. Willis III, Creve Coeur, for appellant.

Erwin J. Roesel, St. Louis, for Rosenburg.

Robert E. Jones, Daniel S. Rork, Michele R. Davis, Richard A. Wunderlich, Victoria I. Goldson, St. Louis, for St. Albans.

William Sitzer, St. Louis, for Salvation Army.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for Mo. Atty. Generals Office.

CRANDALL, Judge.

Plaintiffs appeal from the judgment of the circuit court, sustaining a motion for judgment on the pleadings on their action to quiet title. We affirm.

Mabel Bick died on January 21, 1977. Her will was admitted in probate and provides in part:

THIRD: I give, bequeath and devise to William Bracken, my real estate property at St. Albans, Missouri, in Franklin County, consisting of 10 acres ... known as Cedarlane Farm for the duration of his life; and at the time of his death, the aforesaid property I give, and bequeath to the Salvation Army [sic] to be used, in perpetuity as a Rest Home, or Children's [sic] Camp, and aforesaid property never to be sold. I hereby appoint as Trustee of aforesaid property, William Bracken, and upon his death, I nominate and appoint the President of the Board of Directors of the Salvation Army. I give, bequeath and devise to William Bracken ... all other real estate property owned by me, monies, stocks, insurance, and the residue of the estate, after payment of all bequests named in this will.

In November 1992, Salvation Army conveyed to St. Albans Properties (St.Albans) by quit claim deed its interest in the ten acres (property) referred to as Cedarlane Farm in the "THIRD" paragraph of Mabel Bick's will. In March 1994, William Rosenburg also known as William Bracken and his wife, Jewel Rosenburg, entered into an agreement with St. Albans where St. Albans agreed to buy the Rosenburgs' rights, title, and interest in the property. William Rosenburg, individually and as trustee, Jewel Rosenburg, and St. Albans filed a petition to quiet title, naming the Missouri Attorney General as the defendant on behalf of the public interest. Based on a stipulation of the parties, the plaintiffs' petition, and affidavits, the court made findings of fact and conclusions of law. The court found that prior to November 3, 1992, Salvation Army determined that it was no longer feasible to use the property as a rest home or children's camp. The court also found that given the unanticipated change in circumstances regarding the location of the property, the development around the property, and the decisions reached by Salvation Army, the property can no longer be used as set forth in Mabel Bick's will. On December 9, 1994, the court entered judgment, quieting title to the property in favor of St. Albans.

In August 1995, John Vollmann, Paul S. Finot, Dr. Alan S. Holtz, and Patricia Riebold (plaintiffs) filed a petition to quiet title to the property. Plaintiffs named St. Albans, William Rosenburg individually and as trustee, Jewel Rosenburg, Salvation Army, and the Missouri Attorney General as defendants. Plaintiffs alleged they were surviving heirs at law of Mabel Bick. They also alleged under the terms of the "Third" paragraph of her

will, Mabel Bick bequeathed to William Rosenburg a life estate interest in the property and created a charitable trust that evinced a specific charitable intent. Plaintiffs further alleged because Salvation Army determined the property could not be put to the specific use for which it was intended under the charitable trust created by Mabel Bick's will and Salvation Army and William Rosenburg have sold their interests in the property, "such charitable trust fails as a matter of law, with the consequence that fee simple title to said property should be quieted in [Mabel Bick's] surviving heirs-at-law, including [p]laintiffs herein, either by reversion or by virtue of a resulting trust in their favor."

St. Albans filed a motion for judgment on the pleadings, arguing in part that upon the failure of the devise to Salvation Army, Section 474.465.1 RSMo 1994 provides that ownership in fee simple of the property became part of the residue of Mabel Bick's will. Salvation Army also filed a motion for judgment on the pleadings. William Rosenburg and Jewel Rosenburg filed motions to dismiss.[1] The court entered a judgment that provided "Defendant's Motion for Judgment on the Pleadings is granted."

Because the record did not reflect the court's disposition of the action as to all parties or that the court found that there was "no just reason for delay" as provided in Rule 74.01, this court held that the judgment was not final and appealable and dismissed the appeal. *Vollman v. Rosenburg*, 950 S.W.2d 914, 916 (Mo.App. E.D.1997). Thereafter, the circuit court entered an amended judgment, granting St. Alban's motion for judgment on the pleadings and dismissing plaintiffs' cause of action with prejudice as to all defendants.[2] Plaintiffs appeal from this judgment.

■ When reviewing the grant of a motion for judgment on the pleadings, we must accept as true all facts alleged in the petition.

*Bittner v. St. Louis Board Of Commissioners*, 925 S.W.2d 495, 497 (Mo.App. E.D.1996). "A motion for judgment on the pleadings should be sustained, if from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Id.*

■ A charitable trust is created only if the testator manifested an intention that the property be held subject to a legal obligation to devote to purposes that are charitable. *In re Estate of McReynolds*, 800 S.W.2d 798, 800 (Mo.App.1990). By her will, Mabel Bick created a charitable trust, and the trust has failed. The language of the will demonstrates Mable Bick evinced a specific intent in creating the trust. *See Comfort v. Higgins*, 576 S.W.2d 331, 338 (Mo. banc 1978). Accordingly, the cy pres doctrine cannot be used. The issue is upon the failure of the trust whether the property goes to the plaintiffs as heirs at law or William Rosenburg who was bequeathed the residue of Mabel Bick's estate.

Plaintiffs argue that where a charitable trust with a specific intent created by a will has failed and the cy pres doctrine is inapplicable, then title to the property should return to the heirs at law either by reversion or by virtue of a resulting trust.

■ In its motion for judgment on the pleadings, St. Albans relied on section 474.465.1. This section provides that "Except as provided in section 474.460, if a devise, other than a residuary devise, fails for any reason, it becomes a part of the residue." Section 474.460 is not applicable here. Under the language of section 474.465.1, when the devise of the property failed it became a part of the residue. Therefore, the property goes to William Rosenburg as the residuary legatee of Mabel Bick's will.

Plaintiffs argue that section 474.465.1 is limited to when the devise fails or lapses

---

1. William Rosenburg died on May 28, 1996. Jewell Rosenburg has filed an affidavit attesting that no letters of administration was applied for or granted for the one year period after William Rosenburg's death.

2. On August 19, 1997, plaintiffs filed a motion for summary judgment, and on August 25, 1997 plaintiffs filed an amendment to the motion for summary judgment and Patricia Riebold's affidavit. The circuit court entered its judgment sustaining St. Alban's motion on August 25, 1997 and denied plaintiffs' motion for summary judgment as moot.

because of circumstances already in existence when the testator dies, such as the prior death of the devisee. Plaintiffs contend that the statute merely codifies the common law presumption that a lapsed devise should pass with the residue and does not apply "where there has been a complete distribution of the testatrix' probate estate and a testamentary trust later fails." However, the statute contains no language limiting its application to situations where the devise fails due to circumstances existing when the testator dies. If the legislature intended to limit the application of the statute to that asserted by plaintiffs, it could have written such language. We must give effect to a statute as it is written. *McDermott v. Carnahan*, 934 S.W.2d 285, 287 (Mo. banc 1996).

Plaintiffs rely on the Court's holding in *Comfort* and contend that case has nearly identical facts to the present case. In *Comfort*, the settlor executed a deed in 1912 creating a charitable trust into which she placed certain real property. *Comfort*, 576 S.W.2d at 333. The settlor reserved a life estate in the real property and upon her death the real property was to be used by a named charity to establish a home for the aged. *Id.* at 333–34. The appellants, heirs of the settlor, argued that the trust had failed, it had been established by the settlor with a specific intent, and therefore title to the trust property should be quieted to them either by reversion or by virtue of a resulting trust. *Id.* at 333. The respondents were St. Louis Women's Christian Association, Memorial Home, Inc., and the seven trustees named in the 1912 trust. *Id.* at 333. The respondents argued that the trust was formed with a general charitable intent and it had not failed. *Id.* at 335. The Court held that the trust was established with a specific charitable intent and it had failed. *Id.* at 339. The Court then stated that the trust property must revert to the settlor's heirs. *Id.* However, the Court considered the deed and not the will, if any, of the settlor. There is no discussion regarding who would be entitled to property from a failed testamentary trust created by a will that has a residuary clause. Plaintiffs' reliance on *Comfort* is misplaced.

■■ Plaintiffs also argue that they had a possibility of reverter that became possessory when the fee simple determinable remainder to Salvation Army failed. In their petition, plaintiffs alleged "The terms of paragraph " 'Third' " of the Decedent's Will created a charitable trust under which the Decedent evinced a specific charitable intent that, following the termination of Defendant William F. Rosenburg's life-estate interest in the Property in consequence of his death, the Property would be given to Defendant [Salvation Army] in trust to be used by the same in perpetuity as a rest home or children's camp, and the Property was never to be sold." Plaintiffs did not allege that the will created a fee simple determinable remainder to Salvation Army. Plaintiffs may not on appeal change their theory for quieting title that was presented to the circuit court. *Capobianco v. Pulitzer Publishing Co.*, 812 S.W.2d 852, 860 (Mo.App.1991). Even assuming plaintiffs' allegations sufficiently presented this claim to the circuit court, review of the will does not demonstrate that it created a fee simple determinable remainder to Salvation Army. *See Duncan v. Academy of the Sisters of the Sacred Heart*, 350 S.W.2d 814, 816–17 (Mo.1961); *Fuchs v. Reorganized School Dist. No. 2*, 251 S.W.2d 677, 679 (Mo. 1952); *Chouteau v. City of St. Louis*, 331 Mo. 781, 55 S.W.2d 299, 301 (1932). The trial court did not err in sustaining St. Alban's motion for judgment on the pleadings.[3]

3. *See, e.g., Estate of Crawshaw*, 249 Kan. 388, 819 P.2d 613, 618 (1991) (holding that if testamentary trust fails, proceeds are distributed to the residuary legatee); *Wilson v. First Presbyterian Church*, 284 N.C. 284, 200 S.E.2d 769, 780–81 (1973) (quoting Restatement (Second) of Trusts section 411 comments c, k (1959)) (holding that heirs at law of testatrix were not necessary parties to action where trust fails, cy pres is inapplicable, and the will contained a residuary clause, and finding no basis to distinguish between the situation where the trust does or does not become operative); W. Fratcher, Scott on Trusts section 399.3 (4th ed.1989). *But see, e.g., Industrial National Bank v. Drysdale*, 84 R.I. 385, 125 A.2d 87, 91 (1956) (holding that if the trust becomes operative, thereafter fails and cy pres is inapplicable, the devolution of the trust goes to the heirs at law and not to residuary legatees); 15 Am.Jur.2d *Charities* section 155 (1996).

The judgment is affirmed.[4]

AHRENS, P.J. and KAROHL, J., concur.

4. Plaintiffs' motion to strike St. Alban's "Statement of Facts" is overruled. St. Alban's motion is overruled as to striking portions of plaintiffs' legal file and sustained as to filing a supplemental legal file.