Billy L. EASTWOOD, Appellant,

v.

NORTH CENTRAL MISSOURI DRUG
TASK FORCE, Respondent.

No. WD 56803.

Missouri Court of Appeals,
Western District.

April 11, 2000.

Steven D. Wolcott, Liberty, for appellant.

David S. Baker, Kansas City, for respondent.

Before BRECKENRIDGE, C.J., SMART and RIEDERER,[1] JJ.

BRECKENRIDGE, Chief Judge.

Billy Eastwood appeals from a judgment granting the North Central Missouri Drug Task Force's motion to dismiss Mr. Eastwood's civil rights claim under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted. Mr. Eastwood claims that the trial court erred in dismissing his claim, arguing that it sufficiently alleged the liability of the Drug Task Force under 42 U.S.C. § 1983 for his wrongful arrest and incarceration. Because Mr. Eastwood's claim was based solely on a theory of *respondeat superior*, which the United States Supreme Court and Missouri courts have repeatedly rejected in § 1983 claims, the trial court did not err in granting the motion to dismiss. The judgment of the trial court is affirmed.

### Factual and Procedural History

On or about February 10, 1996, the Grundy County Sheriff's Department arrested Billy Eastwood pursuant to a warrant issued by the Grundy County Circuit Court. The warrant was issued after the Grundy County prosecuting attorney filed

---

1. Judge Riederer resigned from this court prior to the issuance of the opinion.

a felony complaint. The prosecutor's complaint was based upon a report of the North Central Missouri Drug Task Force describing an alleged sale of marijuana occurring in Grundy County on September 13, 1995, which was observed by undercover detectives and representatives of the Drug Task Force. The report indicated that the transaction involved a person identified as "Lawrence Newton," who was accompanied by Billy Eastwood.

When the court issued the arrest warrant, it set Mr. Eastwood's bond at $150,-000.00. He was unable to post bond and remained incarcerated in the Grundy County Jail for 28 days. At that point, one of the undercover officers who witnessed the original drug transaction observed Mr. Eastwood in open court while present for another proceeding, and he informed the State that the wrong man had been arrested. The charges against Mr. Eastwood were then dismissed.

On February 9, 1998, Mr. Eastwood filed a petition in the Circuit Court of Grundy County against the North Central Missouri Drug Task Force, the Grundy County Sheriff's Department and unknown undercover member or members of the Drug Task Force. The petition asserted three claims against the defendants: Count I—false imprisonment; Count II—malicious prosecution; and Count III—a civil rights claim under 42 U.S.C. § 1983. In response to the petition, the Drug Task Force filed its answer and a motion to dismiss, with suggestions in support of the motion. The motion and its suggestions requested the dismissal of the false imprisonment and malicious prosecution claims on the basis of sovereign immunity, and of the civil rights claim because Mr. Eastwood improperly based his claim on a theory of *respondeat superior*. Mr. Eastwood then filed an amended petition, which substituted Grundy County and its sheriff, Greg Coon, as defendants instead of the Grundy County Sheriff's Department, a named defendant in the original petition. The amended petition contained virtually the same allegations against the Drug Task Force as those in the original petition. At the request of the Drug Task Force, the trial court considered its motion to dismiss as filed in response to the amended petition. Thereafter, on August 4, 1998, the trial court sustained the motion to dismiss. Mr. Eastwood voluntarily dismissed the other defendants, and filed an appeal of the dismissal of the Drug Task Force. On May 10, 1999, the trial court entered a Judgment Nunc Pro Tunc, to ensure that the judgment was a final judgment under Rule 74.01(a). On appeal, Mr. Eastwood challenges only the dismissal of his § 1983 civil rights claim.

## Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the following standard of review applies:

> A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted).

## A § 1983 Claim against a Governmental Entity Is Not Cognizable under a Theory of *Respondeat Superior*

In his sole point on appeal, Mr. Eastwood asserts that the trial court erred in granting the Drug Task Force's motion to dismiss his § 1983 civil rights claim for failure to state a claim. Mr. Eastwood concedes on appeal that the Drug Task Force is a governmental entity and that

"both federal and state cases are replete with the concept that civil liability cannot be established against a governmental entity exclusively on the basis of *respondeat superior*." In urging reversal on appeal, Mr. Eastwood argues that imposition of liability against a governmental entity under § 1983 is permitted if a policy or custom of the governmental entity is responsible for the deprivation of rights, and he claims that the Drug Task Force's motion to dismiss was prematurely granted because he was entitled to conduct extensive discovery to determine the policies and procedures of the Drug Task Force.

The argument Mr. Eastwood raises on appeal is different from the argument he made to the trial court. In the trial court, Mr. Eastwood relied solely on a theory of *respondeat superior*. During oral argument on the Drug Task Force's motion to dismiss, the parties agreed that the sole issue before the trial court was whether a § 1983 claim against a governmental entity could be premised on a *respondeat superior* theory. Specifically, when the trial court was attempting to frame the issues raised by the motion to dismiss, the following colloquy occurred:

The Court: [S]o factually, we don't have a question about the application of respondeat superior if it is not applicable to the 1983 action.

Counsel for Mr. Eastwood: Under the motion to dismiss. I'm not arguing with the facts.

Counsel for the Drug Task Force: As I understand the legal question that therefore is before the court is very simple. It is a one sentence question. Is respondeat superior a sufficient basis upon which to proceed against a governmental entity under Section 1983 claims.

Counsel for Mr. Eastwood: That's correct.

■■■ On appeal, a party remains bound to the position it took in the trial court. *Canania v. Director of Revenue*, 918 S.W.2d 310, 315 (Mo.App.1996). Mr. Eastwood is bound by his position in the trial court that the Drug Task Force is liable under the theory of *respondeat superior*, rather than his theory on appeal that his civil rights claim under § 1983 was premised on the existence of a policy or custom of the Drug Task Force.

In the Civil Rights Act of 1971, the United States Congress enacted 42 USC § 1983 to impose civil liability upon a "person" who, under color of law, deprives another of any federally protected right, privilege, or immunity. Section 1983 provides, in pertinent part, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

The Supreme Court originally held that Congress did not intend to impose liability on municipalities or local governmental entities in § 1983, so local governmental entities were immune from liability. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The Supreme Court overruled *Monroe v. Pape* in *Monell v. Dept. of Soc. Serv. of City of N.Y.*, finding for the first time that local governments could be found liable under § 1983. 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). In *Monell*, the United States Supreme Court stated:

Our analysis of the legislative history of the Civil Rights Act of 1971 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconsti-

tutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

436 U.S. at 689, 98 S.Ct. at 2035 (footnotes omitted).

Although the Supreme Court determined that local governmental entities could be held liable under § 1983, it found that Congress intended that local governmental entities be liable only for their own conduct and not on the basis of vicarious liability. In discussion the scope of the liability of local governmental entities, the Supreme Court stated:

On the other hand, the language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employees a tort-feasor— or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

\* \* \*

We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury that the government as an entity is responsible for under § 1983.

436 U.S. at 691–94, 98 S.Ct. at 2036–38. Missouri courts have repeatedly applied the principles established by *Monell.* See *Rustici v. Weidemeyer*, 673 S.W.2d 762, 773 (Mo. banc 1984); *Browning by Browning v. White*, 940 S.W.2d 914, 922–23 (Mo. App.1997); *Williams v. City of Kansas City*, 841 S.W.2d 193, 195–96 (Mo.App. 1992).

The United States Supreme Court recently reaffirmed the principles established by *Monell* in *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 402–04, 117 S.Ct. 1382, 1387–88, 137 L.Ed.2d 626 (1997). The Court stated, "We have consistently refused to hold municipalities liable under a theory of *respondeat superior.* ... Instead, in *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." 520 U.S. at 403, 117 S.Ct. at 1388.

"Under the doctrine *of respondeat superior,* an employer is responsible for the negligent acts of its employees provided those acts are within the scope of the employee's duties." *Bittner v. City of St. Louis Police Bd. of Com'rs*, 925 S.W.2d 495, 498 (Mo.App.1996). Rather than relying strictly on a theory of *respondeat superior*, a plaintiff seeking to impose liability on a government entity under § 1983 must identify a "policy" or "custom" of the entity that caused the violation of the plaintiff's constitutional rights. *Bd. of County Com'rs of Bryan County*, 520 U.S. at 403, 117 S.Ct. at 1388. "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*

at 404, 117 S.Ct. at 1388. The case law is clear that a governmental entity, such as the Drug Task Force, cannot be held liable under the theory of *respondeat superior.* Since Mr. Eastwood is bound by the position he took in the trial court, that he was proceeding under the theory of *respondeat superior,* the trial court did not err in dismissing Mr. Eastwood's civil rights claim under § 1983.

Even if this court were to consider the issues raised by Mr. Eastwood on appeal, those issues have no merit. Mr. Eastwood contends that his petition contained allegations beyond the scope of *respondeat superior.* Mr. Eastwood asserts that his allegations permit an interpretation that he based his § 1983 claim against the Drug Task Force on the theory that his arrest and incarceration were the result of a "policy" or "custom" of the Drug Task Force. He then argues that he should have been given an opportunity to develop facts through discovery to defeat the Drug Task Force's claim that he could not prove the existence of a policy or custom as an element of his § 1983 claim against the Drug Task Force.

■■■ In arguing that he should have been permitted to conduct discovery before the court sustained the Drug Task Force's motion to dismiss, Mr. Eastwood is arguing a concept applicable to motions for summary judgment, not a motion to dismiss. When faced with a motion for summary judgment asserting that a claimant cannot prove all the essential elements of the cause of action asserted, the motion can only be sustained after the claimant is entitled to a reasonable period of discovery. *I.T.T. Commercial Finance Corp. v. Mid–Am. Marine,* 854 S.W.2d 371, 381 (Mo. banc 1993). That concept is not applicable to defend against a motion to dismiss. Whether Mr. Eastwood had an opportunity to develop the facts through discovery is not relevant to the issue before the trial court. When ruling on a motion to dismiss, the trial court considers only whether the allegations of the petition state a cause of action. *See Nazeri,* 860 S.W.2d at 306.

■■■ In considering whether Mr. Eastwood sufficiently pled a cause of action under § 1983, it is necessary to examine the specific allegations of his petition. The allegations in the amended petition which Mr. Eastwood claims are sufficient are that the North Central Missouri Drug Task Force is a local government agency consisting of sheriff departments and police departments of the counties in north central Missouri, receiving its funding from a variety of governmental bodies, subject to liability for civil rights violations under § 1983. Mr. Eastwood then states:

> That the North Central Drug Task Force, Sheriff Greg Coon, and Grundy County, Missouri, are governmental agencies in the State of Missouri, and acting under the alleged or actual authority of their positions did deprive Plaintiff of his constitutional rights to be free from illegal arrest and imprisonment and, without just cause, permitted his imprisonment for a period of twenty-eight (28) days in the Grundy County Jail before Plaintiff was released due to a 'misidentification' of Plaintiff.

The question is whether Mr. Eastwood's allegation that the sheriff and other members of the Drug Task Force were "acting under the alleged or actual authority of their positions" sufficiently pleads that Mr. Eastwood's arrest and incarceration were the result of a "policy" or "custom" of the Drug Task Force.

■■■ To sufficiently state a cause of action against a public entity under a § 1983 claim, "the plaintiff must allege with some degree of specificity the policy or custom which violates his or her constitutional rights." *Williams,* 841 S.W.2d at 195. Mr. Eastwood's petition fails to make any reference to a policy or custom of the Drug Task Force which violated his constitutional rights. Mr. Eastwood's allegations assert that the Drug Task Force has liability for a deprivation of constitutional

rights based on the acts of its alleged agents or employees, yet his allegations fail to include facts which demonstrate how the Drug Task Force acted as a "moving force" to violate Mr. Eastwood's constitutional rights.

 An appellate court will not consider matters not pleaded or advanced in the petition. *See S & W Cabinets v. Consol. Sch. Dist. No. 6,* 901 S.W.2d 266, 267 n. 1 (Mo.App.1995); *Taylor v. Goldammer,* 944 S.W.2d 216, 219 (Mo.App.1997). Missouri Rule of Civil Procedure 67.06 provides the plaintiff with an opportunity to seek to amend his petition prior to the time a judgment of dismissal with prejudice becomes final. *Jordan v. City of Kansas City,* 972 S.W.2d 319, 322 (Mo.App.1998). In this case, Mr. Eastwood filed on amended petition on March 23, 1998. In the civil rights claim in his amended petition, Mr. Eastwood continued to rely on the theory of *respondeat superior* as the basis for the relief he requested. Prior to the court's final judgment of dismissal, Mr. Eastwood failed to amend his petition to include a claim based on a policy or custom of the Drug Task Force which violated his constitutional rights. "When a plaintiff fails to seek leave to amend a deficient pleading, the court may assume that he was satisfied with the pleading and has made the strongest presentation of his case where the facts permit." *Id.* at 323. Therefore, the trial court could assume that Mr. Eastwood remained satisfied with his petition basing relief on a theory of *respondeat superior.*

Because Mr. Eastwood failed to plead a policy or custom of the Drug Task Force which violated his constitutional rights and based his § 1983 claim solely on a theory of *respondeat superior,* he failed to state a claim upon which relief could be granted under § 1983. Accordingly, the trial court did not err in sustaining the Drug Task Force's motion to dismiss.

The judgment of the trial court is affirmed.

All concur.